# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ALEMAYEHU ABI,**
**A# 209-869-680,**

    Petitioner,

vs.                                               Case No. 4:18cv594-RH-CAS

**WILLIAM BARR, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

    Service of the pro se Petitioner's amended § 2241 petition for writ of habeas corpus was directed, ECF No. 9, and Respondents filed a response to the amended petition, ECF No. 14, recommending that the petition be denied because Petitioner had acted to frustrate his removal.

    Petitioner submitted a reply, ECF No. 16, and additional filings, *see* ECF Nos. 17-18, denying the Government's assertion that was not cooperating with ICE. ECF No. 16 at 1-2. Petitioner claimed he had submitted "several travel document applications to Ethiopia and Eritrea" and participated in "several phone interviews with the consulates of both

countries, to which" Petitioner states that "both countries refused to issue travel documents." *Id.* at 2. Petitioner declared that "[t]o the best of his ability," he "was forthcoming in providing information to facilitate his removal." *Id.* He said that he "can barely understand English language and the ICE officer [was] using that to his advantage to make him appear uncooperative and hence keep him detained indefinitely." *Id.* at 3.

Based on the disputed arguments presented, an Order was entered in late February 2020 which appointed counsel for Petitioner and concluded that an evidentiary hearing was necessary. ECF No. 20. A notice of appearance was filed for Petitioner, ECF No. 21, but shortly thereafter, a notice was filed by Respondents which advised that Petitioner had been removed from the United States. ECF No. 22. Attached to the response is a Warrant of Removal/Deportation which revealed that Petitioner was removed from the United States in August of 2019, departing from Washington Dulles Airport on Ethiopian Airlines Flight 501. ECF No. 22-2. Furthermore, Petitioner's copy of the prior Order was returned to the Court as undeliverable. ECF No. 23.

In this action, Petitioner was not challenging a final order of removal; rather, Petitioner sought release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Because

Petitioner is no longer in detention and has been removed, this petition, filed under 28 U.S.C. § 2241, should be dismissed as moot.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** as moot because Petitioner is no longer in detention and has been removed from the United States of America.

**IN CHAMBERS** at Tallahassee, Florida, on March 10, 2020.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv594-RH-CAS